IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANAYE RAGGAZINO,** : | |
|     **Plaintiff,** : | |
| : | |
|     v. : | **CIVIL ACTION NO. 24-CV-6926** |
| : | |
| **PRIME CARE MEDICAL,** *et al.*, : | |
|     **Defendants.** : | |

**MEMORANDUM**

**SCHMEHL, J.**                                                                                    **May 13, 2025**

      Plaintiff Anaye Raggazino, a convicted and sentenced state prisoner currently incarcerated at SCI Muncy, brings this civil action pursuant to 42 U.S.C. § 1983 based on allegations that staff at Chester County Prison ("CCP") were deliberately indifferent to her medical needs. Raggazino seeks leave to proceed *in forma pauperis* and has filed a motion seeking the appointment of counsel. For the following reasons, the Court will grant Raggazino leave to proceed *in forma pauperis* and dismiss her Complaint (ECF No. 1 ("Compl.")) in part with prejudice and in part without prejudice. Raggazino will be permitted to file an amended complaint as to any claims dismissed without prejudice.

**I.    FACTUAL ALLEGATIONS**[1]

      Raggazino brings her Complaint against the following Defendants: (1) CCP; (2) PrimeCare Medical Inc., the medical contractor at CCP; and (3) H.I.G. Capital. (Compl. at 2-3.) Raggazino's allegations are brief. She alleges that her Eighth Amendment right "was violated by

---

[1] The following allegations are taken from Raggazino's Complaint. (ECF No. 1.) The Court adopts the pagination supplied to the Complaint by the CM/ECF docketing system.

inadequate health care," and she avers that "prison staff must provide medical care when 'serious medical needs' are required."[2] (*Id.* at 3.)

Raggazino avers that she first injured her back in 2017, and from June 2019 through April 2023, PrimeCare "neglected to treat [her] medical condition," causing her permanent damage. (*Id.* at 4-5.) Specifically, she claims that PrimeCare denied her physical therapy from 2017 through 2019, and her "discs and spine became degenerated." (*Id.* at 5.) An MRI was conducted in 2021, but she allegedly did not receive any follow up medical care. (*Id.*) Raggazino seeks $500,000 in monetary and "emotional relief" for permanent neck and nerve damage. (*Id.*)

## II.   STANDARD OF REVIEW

The Court grants Raggazino leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action.[3] Accordingly, 28 U.S.C. §

---

[2] To state a constitutional claim based on the failure to provide medical treatment, a prisoner must allege facts indicating that prison officials were deliberately indifferent to her serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994). A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. "A medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted). Deliberate indifference is properly alleged "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A serious medical need exists where "failure to treat can be expected to lead to substantial and unnecessary suffering." *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991).

[3] However, as Raggazino is a prisoner, she will be obligated to pay the $350 filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Raggazino is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021).

**III.    DISCUSSION**

Raggazino brings constitutional claims pursuant to 42 U.S.C. § 1983. The vehicle by which federal constitutional claims may be brought in federal court is an action under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

**A.    Federal Claims Against CCP and PrimeCare**

Raggazino names CCP and PrimeCare as Defendants, but neither is a proper defendant in this § 1983 action. Initially, the Court must dismiss any claims asserted against CCP with prejudice because a prison or correctional facility is not a "person" subject to liability under § 1983. *See Sanabria v. St. Lukes Hosp. (Sacred Heart Campus)*, No. 20-4091, 2020 WL

7495665, at *6 (E.D. Pa. Dec. 21, 2020); *see also Miller v. Curran-Fromhold Corr. Facility*, No. 13-7680, 2014 WL 4055846, at *2 (E.D. Pa. Aug. 13, 2014) (citing *Mitchell v. Chester Cty. Farms Prison*, 426 F. Supp. 271, 274 (E.D. Pa. 1976)); *Cephas v. George W. Hill Corr. Facility*, No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010); *Regan v. Upper Darby Twp.*, No. 06-1686, 2009 WL 650384, at *4 (E.D. Pa. Mar. 11, 2009), *aff'd*, 363 F. App'x 917 (3d Cir. 2010).

The claims against PrimeCare also cannot proceed as currently pled. A private corporation under contract to provide medical services at a jail or prison may be liable under § 1983 in certain circumstances. The United States Court of Appeals for the Third Circuit has held that "a private health company providing services to inmates 'cannot be held responsible for the acts of its employees under a theory of respondeat superior or vicarious liability.'" *Sims v. Wexford Health Sources*, 635 F. App'x 16, 20 (3d Cir. 2015) (quoting *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583 (3d Cir. 2003) (applying *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978) to claims against medical contractor)). Rather, [t]o plead a § 1983 claim against a prison medical provider, a plaintiff must allege the provider had "a relevant . . . policy or custom, and that the policy caused the constitutional violation [he] allege[s]." *Natale*, 318 F.3d at 583-84 (citing *Bd. of the Cnty. Comm'rs of Bryan Cnty., Oklahoma v. Brown*, 520 U.S. 397, 404 (1997)).[4] "To satisfy the pleading standard, [the plaintiff] must . . . specify what

---

[4] "'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'" *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). "'Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'" *Id*. (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)). In the context of a contract medical provider, the provider's "failure to train or supervise must amount to a policy or custom in disregard of an obvious risk that its employees or agents would commit constitutional violations." *Ponzini v.

exactly that custom or policy was." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009).  It is not enough, however, to allege the existence of a policy or a custom.  "A plaintiff must also allege that the policy or custom was the 'proximate cause' of his injuries." *Est. of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (*citing Kneipp v. Tedder*, 95 F.3d 1199, 1213 (3d Cir. 1996)).

Raggazino has not tied her allegations of deliberate indifference to a custom or policy of PrimeCare.  In fact, she has not referenced any policy or custom by PrimeCare in her Complaint.  Accordingly, the allegations are insufficient to allege a plausible claim against PrimeCare. *Lomax v. City of Philadelphia*, No. 13-1078, 2017 WL 1177095, at *3 (E.D. Pa. Mar. 29, 2017) ("Because [defendant] is a private company contracted by a prison to provide health care for inmates, . . . it can only be held liable for constitutional violations if it has a custom or policy exhibiting deliberate indifference to a prisoner's serious medical needs." (citations and quotations omitted)).

      **B.**    **Federal Claims Against H.I.G. Capital**

Raggazino names H.I.G. Capital[5] as a Defendant but asserts no allegations in the body of her Complaint about how this entity was involved in the incidents she describes.  In other words, Raggazino has not alleged what this Defendant did, or did not do, to violate her constitutional

---

*PrimeCare Med., Inc.*, 269 F. Supp. 3d 444, 526 (M.D. Pa. 2017), *aff'd in part, vacated in part on other grounds sub nom. Ponzini v. Monroe Cnty.*, 789 F. App'x 313 (3d Cir. 2019).  Raggazino has not alleged that she was injured due to a failure to supervise, train, or discipline.

[5] According to its website, H.I.G. Capital is a global investment firm. *See* H.I.G. Capital, https://hig.com/about/ (last visited April 14, 2025).

rights. Nor has she alleged that this Defendant is a "state actor" subject to suit under § 1983.[6] For this reason, the claims against H.I.G. Capital are not plausible.

"A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *see also Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 290 (3d Cir. 2018) ("Each Government official, his or her title notwithstanding, is only liable for his or her *own* misconduct.") (quoting *Iqbal*, 556 U.S. at 677) (emphasis in original); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)). *See Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). The claims against H.I.G. Capital will be dismissed; however, Raggazino will be permitted an opportunity to file an amended complaint to describe how this entity was involved with her claims.

---

[6] Whether a defendant is acting under color of state law—i.e., whether the defendant is a state actor—depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted). "Action taken by private entities with the mere approval or acquiescence of the State is not state action." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 52 (1999). Rather, to support a finding of state action, "the government must be 'responsible for the specific conduct of which the plaintiff complains.'" *Borrell v. Bloomsburg Univ.*, 870 F.3d 154, 160 (3d Cir. 2017) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)). Raggazino has failed to allege any facts to satisfy these tests.

### C. State Claims

Having dismissed Raggazino's federal claims, the Court will not exercise supplemental jurisdiction over any remaining state law claims, including those for negligence and medical malpractice. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).

For diversity purposes, an individual is a citizen of the state where she is domiciled, meaning the state where she is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). "[T]he domicile of a prisoner before [her] imprisonment presumptively remains [her] domicile during [her] imprisonment." *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010). A corporation is a citizen of the state in which it is incorporated and the state in which it has its principal place of business. *See* 28 U.S.C. § 1332(c). It is the plaintiff's burden to establish diversity of citizenship, *see Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

Raggazino does not allege the citizenship of the parties. Rather, she provides only the Pennsylvania address of SCI Muncy for herself and Pennsylvania and Florida addresses for the Defendants, which suggests that complete diversity is lacking. Accordingly, she has not sufficiently alleged that the parties are diverse for purposes of establishing the Court's jurisdiction over any state law claims she intends to pursue. The Court will dismiss the state law claims for lack of subject matter jurisdiction. The dismissal is without prejudice, and Raggazino may file these claims in the appropriate state court if she chooses to do so. The Court expresses no opinion on the merits of any such claim.

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Raggazino leave to proceed *in forma pauperis* and dismiss her Complaint in part with prejudice and in part without prejudice. Raggazino's claims against CCP will be dismissed with prejudice. The remainder of her claims will be dismissed without prejudice. The Court will permit Raggazino an opportunity to file an amended complaint in the event she can correct the defects the Court has noted as to her claims that were dismissed without prejudice. The Court will also deny without prejudice as premature Raggazino's request for the appointment of counsel.[7]

BY THE COURT:

*/s/ Jeffrey L. Schmehl*
**JEFFREY L. SCHMEHL, J.**

---

[7] Raggazino's request for the appointment of counsel (ECF No. 6) is premature at this stage of the litigation because her case has not yet passed the screening stage under 28 U.S.C. § 1915. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (before exercising discretion to appoint counsel "the district court must consider as a threshold matter the merits of the plaintiff's claim"). The Court will deny Raggazino's request without prejudice. Raggazino may renew her request after any amended complaint, if she files one, has been screened by the Court. If Raggazino chooses to file a renewed motion, she should do so in accordance with the factors set forth by the United States Court of Appeals for the Third Circuit in *Tabron*.